## DORSEY v. DISTRICT OF COLUMBIA et al.

(Court of Appeals of District of Columbia. Submitted March 5, 1920. Decided May 3, 1920.)

### No. 3334.

**Intoxicating liquors ⊛=255—Seized liquors cannot be held indefinitely without information against owner.**

Under Rev. St. D. C. §§ 409, 414, authorizing detention of property taken from arrested person and requiring its restoration if the person is innocent, a prompt prosecution of the person is contemplated, so that intoxicating liquor, seized on the arrest of a person in possession of it on a charge of illegally bringing it into the District, cannot be further detained by the property clerk of the District after a lapse of more than one year from the time of arrest, without an indictment or information having been filed.

Appeal from the Supreme Court of the District of Columbia.

Action in replevin by Robert L. Dorsey against the District of Columbia and Edwin B. Hesse. From a judgment sustaining defendants' motion for the restoration of property, plaintiff appeals. Reversed and remanded.

T. M. Wampler, of Washington, D. C. (Foster Wood, of Washington, D. C., on the brief), for appellant.

C. H. Syme, Corp. Counsel, and F. H. Stephens, Asst. Corp. Counsel, both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This is an action in replevin to recover possession of a shipment of whisky alleged to have been brought into the District of Columbia by appellant in violation of the Reed Prohibition Act (40 Stat. 1151 [Comp. St. Ann. Supp. 1919, § 10387cc]). The property was seized by the police officers and turned over to appellee Hesse, the property clerk of the District. The writ issued upon the plaintiff's petition, and the marshal took possession of the property. Thereupon defendants filed a motion, supported by the affidavit of defendant Hesse, for the restoration of the property to his possession. From a judgment sustaining the motion, this appeal was taken.

Defendant Hesse claims the right to retain the property as evidence of crime. Section 409 of the Revised Statutes of the District of Columbia provides:

"All property, or money alleged or supposed to have been feloniously obtained, or which shall be lost or abandoned, and which shall be thereafter taken into the custody of any member of the police force, or the police or criminal court of the District, or which shall come into such custody, shall be, by such member, or by order of the court, given into the custody of the property clerk and kept by him."

Section 414 provides that—

"Whenever property or money shall be taken from persons arrested, and shall be alleged to have been feloniously obtained, or to be the proceeds of

crime, and whenever so brought with such claimant and the person arrested before any court for trial, and the court shall be satisfied from evidence that the person arrested is innocent of the offense alleged, and that the property rightfully belongs to him, said court may, in writing, order such property or money to be returned, and the property clerk, if he have it, to deliver such property or money to the accused person himself, and not to any attorney, agent, or clerk of such accused person."

It is not contended that the property was feloniously obtained or lost or abandoned, nor is it the proceeds of crime. It is unnecessary to consider the debatable question of the power of the property clerk to hold property merely as the evidence of crime. More than a year has elapsed since the property was seized by the police, and no information has been filed or indictment returned against plaintiff. Defendant Hesse in his affidavit makes no attempt to justify this unwarranted delay. Under the statute, the warrant of the property clerk for such detention consists primarily in a complaint promptly followed by a formal charge of crime from which the authority of the clerk to detain the property taken from the accused may be ascertained. The statute specifically contemplates prompt action to determine the right of the accused to have his property returned. In the absence, therefore, of a formal charge of crime against plaintiff, defendants are without authority in the premises.

Assuming that detention, followed by prompt action on the part of the officers, is authorized, there seems to be no justification for holding a large quantity of liquors merely as evidence of crime, since a pint bottle of the whisky would furnish as complete evidence of the offense alleged to have been committed as would the entire shipment seized and detained. The offense consists in bringing the liquor into the District, and is as complete by bringing in a pint bottle as a barrel. As suggested, however, the statute contemplates speedy action to determine the right of defendant to the property seized. It therefore follows that property cannot thus be seized and indefinitely detained to suit the convenience of the prosecuting officers. There must not only be a formal charge, but prompt trial, to justify such detention.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.