## HUGHES v. FALVEY et al.

(Court of Appeals of District of Columbia. Submitted December 6, 1920. Decided January 3, 1921.)

No. 3390.

1. **Intoxicating liquors ⊂=236(5), 255—Only small quantity of seized liquors can be retained, and is as complete evidence as entire amount.**

Where a large quantity of whisky was taken from the possession of one who was subsequently charged with unlawfully importing the whisky into the District, a small quantity of the whisky is as complete evidence of the offense as the entire quantity seized, so that only such small quantity can be retained by the officers for use as evidence in the prosecution.

2. **Intoxicating liquors ⊂=256—Whether manner of seizure makes liquor inadmissible as evidence cannot be determined on replevin.**

In an action to replevy a quantity of whisky seized from plaintiff's possession, which the defendants petitioned to retain for use as evidence against plaintiff, the question of whether the manner of seizure was such that the liquor could not be used as evidence is not to be determined, but will be left for determination by the trial court, when the liquor is offered in evidence.

Appeal from the Supreme Court of the District of Columbia.

Replevin by Fred J. Hughes against William F. Falvey and others, to recover whisky taken by defendants, as police officers, from the possession of plaintiff. From an order dismissing the petition of defendant Falvey, that the writ be suspended and the whisky returned to him, pending the disposition of the charge against plaintiff for which it was retained as evidence, but ordering the marshal to retain the whisky until further order, plaintiff appeals. Reversed and remanded.

Alvin L. Newmeyer and William E. Leahy, both of Washington, D. C., for appellant.

John E. Laskey, of Washington, D. C., for appellees.

SMYTH, Chief Justice. The appellees, police officials of the District of Columbia, in conjunction with internal revenue officers of the government, seized 197 cases of whisky found in the possession of Hughes, who shortly afterwards instituted an action in replevin against the appellees for its recovery. The marshal executed the writ by taking the whisky into his possession. Subsequently Falvey, a member of the police force, filed a petition in the replevin action, alleging that the whisky came into the possession of himself and Hesse, property clerk of the police department, as evidence of crime; that there was pending against Hughes in the police court the charge of having unlawfully imported the whisky into the District; and asking that the writ be suspended and the whisky returned to Falvey pending the disposition of the charge. The court dismissed the petition, but ordered that the marshal retain the whisky until the further order of the court. The case is here on special appeal.

[1] In Dorsey v. District of Columbia and Edwin B. Hesse, 49 App.

⊂=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

D. C. 365, 265 Fed. 1005, the facts were quite similar to those in the case before us. We there said:

"Assuming that detention, followed by prompt action on the part of the officers, is authorized, there seems to be no justification for holding a large quantity of liquors merely as evidence of crime, since a pint bottle of the whisky would furnish as complete evidence of the offense alleged to have been committed as would the entire shipment seized and detained. The offense consists in bringing the liquor into the District, and is as complete by bringing in a pint bottle as a barrel."

That decision rules this case. The appellees may retain a small quantity, say a quart, and the rest should be returned to Hughes.

[2] Hughes urges that, because of the way the liquor was seized, it cannot be used as evidence against him; but that is a question to be disposed of by the trial court, when the liquor is offered in evidence. We express no opinion concerning it.

The order appealed from is reversed, at the cost of the appellees, and the case remanded for further proceedings in harmony with this opinion.

Reversed and remanded.